# UNITED STATES DISTRICT COURT
## for the
## EASTERN DISTRICT OF VIRGINIA

U.S.A. vs. <u>Dominique D. Johnson</u>                    Docket No. <u>1:18-PO-2677</u>

**Petition on Probation**

COMES NOW <u>Nicole R. Andrews</u>, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of <u>Dominique D. Johnson</u>, who was placed on supervision by the Honorable Theresa Carroll Buchanan, United States Magistrate Judge sitting in the Court at Alexandria, Virginia, on the <u>1st</u> day of November 2018, who fixed the period of supervision at one (1) year, and imposed the general terms and conditions heretofore adopted by the Court and also imposed special conditions and terms as follows:

See Page 2

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

See Attachment(s)

**PRAYING THAT THE COURT WILL ORDER** a summons to be issued directing that the offender appear before the Court to show cause why supervision should not be revoked.

RETURNABLE DATE: *3-10-2020 @ 10:00 am*

**ORDER OF COURT**

Considered and ordered this _22nd_ day of _Jan_, 20_20_ and ordered filed and made a part of the records in the above case.

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

_____
Theresa Carroll Buchanan
United States Magistrate Judge

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on: January 22, 2020

Nicole R. Andrews
Digitally signed by Nicole R. Andrews
Date: 2020.01.22 13:11:00 -05'00'

_____
Nicole R. Andrews
U.S. Probation Officer
(703) 366-2111

Place <u>Manassas, Virginia</u>

**Petition on Probation**
**Page 2**
**RE: JOHNSON, Dominique D.**

OFFENSE: Driving Under the Influence, in violation of Title 32, CFR Section 234.17(c)1(i).

SENTENCE: One (1) year supervised probation with the following special conditions: 1) The defendant shall enter and successfully complete an alcohol treatment and/or education program at the direction of the probation officer; 2) Commencing November 1, 2018, and continuing for one (1) year the defendant may operate a motor vehicle ONLY, (a) to and from work, (b) during the course of work, if required as incident of employment, and (c) to and from this court, the probation office, the alcohol treatment program; and 3) The defendant shall pay a $400 fine, a $30 processing fee, and a $10 special assessment, to be paid within ninety (90) days. The defendant's fines and fees have been paid in full.

On November 5, 2019, the defendant appeared before the Court for a probation violation hearing, based on a Petition submitted by this officer on October 11, 2019, alleging he violated his terms and conditions of supervised probation. Specifically, it was alleged he failed to report as directed, failed to notify his probation officer of a change in his residence, and failed to attend treatment as required. A subsequent Addendum was filed with the Court on October 21, 2019, alleging that the defendant had used alcohol to excess. At his violation hearing on November 5, 2019, Your Honor found the defendant in violation and continued him on the same terms and conditions as previously imposed, with the following additional conditions: 1) Term of probation extended for an additional three (3) months; 2) Defendant shall serve a period of forty-eight (48) hours incarceration, weekends permitted at the direction of the probation officer; 3) Defendant may not operate a motor vehicle unless it is equipped with an alcohol detecting ignition detection device; and 4) Defendant shall participate in additional alcohol and substance abuse treatment at the direction of the probation officer.

ADJUSTMENT TO SUPERVISION:

Since his violation hearing before Your Honor on November 5, 2019, the defendant has continued to fail to comply with the requirements of his probation. On January 9, 2020, correspondence was received from the defendant's assigned supervision officer, U.S. Probation Officer Michael Wilbur, with the District of Maryland. Officer Wilbur related he received a report on January 6, 2020, from Intoxalock (an alcohol detecting ignition interlock company) which advised that the defendant's vehicle failed to start on December 12, 2019, due to positive alcohol tests submitted by the defendant at the below listed times:

12-12-2019: 5:15:41 PM START-TEST FAIL BAC=.059
12-12-2010: 5:38:40 PM START-TEST FAIL BAC=.050
12-12-2019: 6:44:57 PM START-TEST FAIL BAC=.031
12-12-2019: 7:17:19 PM START-TEST FAIL BAC=.027

The defendant eventually submitted a breath test through his interlock device at 7:37:13 PM which indicated a pass BAC result. According to Officer Wilbur, the defendant advised him that he went to an after-dinner party on December 12, 2019 and had a couple of drinks. The defendant further indicated he "tried it" (the alcohol detecting ignition interlock device) and the car did not start until he passed the test. The defendant was reprimanded by Officer Wilbur for using alcohol when he knows he is under supervision, has an apparent alcohol problem and is currently in substance abuse treatment. Officer Wilbur explained to the defendant that his positive interlock breath tests were an indication of his intention to drive his vehicle while intoxicated. Additionally, Officer Wilbur reported that on December 19, 2019, a "Rolling Re-Test" was requested from the defendant but no attempt was made by the defendant to provide a sample into the interlock device. The following re-test information was provided by Officer Wilbur from Intoxalock:

**Petition on Probation**
**Page 3**
**RE: JOHNSON, Dominique D.**


12-19-2019 2:37:35 PM Breath samples requested -25
12-19-2019 2:38:19 PM Invalid sample- No attempt made
12-19-2019 2:38: 44 PM Horn turned on
12-19-2019 2:47:49 PM Breath samples requested -25
12-19-2019 2:48:10 PM Invalid sample- No attempt made
12-19-2019 2:48:55 PM Roll Retest- Timed Out
12-19-2019 2:49:14 PM Invalid Sample-No attempt made

According to Officer Wilbur, when asked about the above-noted December 19, 2019 test, the defendant advised Officer Wilbur he did not recall missing those tests or the horn blowing. Insight Treatment Center reported Mr. Johnson's last breath test submitted on December 7, 2019 was negative. On January 21, 2020, the defendant self-reported to Officer Wilbur that he failed to attend his treatment session on January 18, 2020. According to Officer Wilbur, the defendant claimed he missed his treatment session on January 18, 2020 because it was his birthday on January 14, 2020.

The defendant continues to reside with his girlfriend in District Heights, Maryland, and remains employed as a housekeeping supervisor with INOVA Fairfax Hospital, in Fairfax, Virginia. As stated above, the defendant is currently enrolled in substance abuse treatment through Insight Treatment Center in Maryland.

On December 15, 2019, the defendant completed his 48-hour period of confinement. A record check conducted on January 21, 2020, yielded negative results.

VIOLATIONS: The following violations are submitted for the Court's consideration:

**STANDARD CONDITION #7:**    **THE DEFENDANT SHALL REFRAIN FROM EXCESSIVE USE OF ALCOHOL.**

As reflected above, the defendant admitted to consuming alcohol on the evening of December 12, 2019, which caused him to fail five (5) breathalyzer (BAC) tests via his alcohol detecting ignition interlock device. Those five (5) BAC tests indicate the defendant was attempting to operate a motor vehicle after consuming an excessive amount of alcohol on the evening of December 12, 2019.

**SPECIAL CONDITION #1:**    **THE DEFNDANT SHALL ENTER AND SUCCESSFULLY COMPLETE AN ALCOHOL TREATMENT AND/OR EDUCATION PROGRAM AT THE DIRECTION OF THE PROBATION OFFICER.**

The defendant admitted that he voluntarily made the decision not to attend a scheduled substance abuse/alcohol treatment session on January 18, 2020.

NRA/nrl